BK. No. 4340124
C.R.D.F.
11705 South Alameda Street
Lynwood, CA 90262

FILED

2017 JUN 20 PM 12: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION.

| LILY CASSANDRA ALPHONSIS | Civil Complaint No: |
|---|---|
| Plaintiff, | CV17-04538 ODW (DFM) |
| vs. | CONSPIRACY |
| | FRAUD |
| UNITED STATES DEPARTMENT OF HOMELAND | CIVIL RIGHTS VIOLATIONS |
| SECURITY, UNITED STATES DEPARTMENT OF | HUMAN RIGHTS VIOLATIONS |
| STATE, AND UNITED STATES OF AMERICA | |
| | JURY TRIAL DEMANDED |
| Defendants. | |

A CIVIL RIGHTS COMPLAINT

REQUESTING FOR 12 BILLION DOLLARS IN DAMAGES

INTRODUCTION

In pursuant to the nonpolitical rights of a citizen, especially the rights of personal liberty guaranteed to U.S. Citizens by the 13th and 14th amendments to the Constitution, and by acts of Congress, Constitutional laws against conspiracy and fraud, Human rights laws for rights as Freedom from unlawful imprisonment mistreatments and torture, regarded as belonging fundamentally to all persons. I Lily Cassandra Alphonsis, hereby presents this civil complaint to this Court, and beseech the Courts to review all the conspiratorial activities, fraudulent activities, civil right

and the human rights violations, acted against me by the defendants United States Department of Homeland Security, United States Department of State and United States of America; and hold them responsible and accountable for their unlawful actions against me.

## SUMMARY

I, Lily Cassandra Alphonsis hereby alleges that the defendant United States Department of Homeland Security, abetted and conspired with the Los Angeles District-Attorney's office, manipulated my identity records, provided misleading material statements under oath, contributed in securing an unlawful detention against me, and then, placed an illegal hold on me by violating my constitutional rights as a United States Citizen to post bail on March 1, 2013.

The defendant presented someone else's information to the defendant United States Department of State, and unlawfully revoked my passport. Thereafter, the defendant United States Department of Homeland Security presented a forged NTA document in an immigration Court, and fraudulently obtained an absentia under someone else's name on July 15, 2013. The defendant then arrested me on January 9, 2014 and attempted to deport me to Ghana, where the defendant had alleged I was born, because of my connections to Ghana.

After failure to deport me to Ghana, the defendant and its agents, Thomas May and Robert Miyakawa, obtained my itinerary from the county of Los Angeles Probation Department office, and then changed the date on the old fraudulently obtained absentia from July 15, 2013 to July 15, 2014, then forwarded the forged absentia to the United States Border Patrol in Bottineau, North Dakota, and requested for an immediate arrest.

Subsequently, I was arrested on July 18, 2014, and was unlawfully detained by the defendant United States of America to await trial. Thereafter, I spent seven months in custody and I was exonerated.

I returned to Los Angeles and appeared in front of the Superior Court Judge, Lisa B. Lench, who had issued a probation violation bench warrant against me. I learned from the probation department that they received a call from the defendant United States Department of Homeland Security agent Robert Miyakawa. Robert Miyakawa called on behalf of the defendant and incited the probation department to obtain a bench warrant against me. According to the probation officer who conspired with Robert Miyakawa to obtain the bench warrant against me, the warrant was obtained because, the defendant United State Department of Homeland Security had asserted I was a flight risk and had tried to leave the country with false documents; which had resulted in an arrest. Gabriela Escando also indicated in the probation report that, the defendant's agent, Robert Miyakawa had informed her, I had sold my passport and was in the defendants system as a deportable alien. Due to the false statements the defendant's agent had presented to Gabriela Escando, She submitted a report and obtained an extradition warrant against me.

Although, none of the defendants have been able to prove their allegations against me, and convicted me of any immigration or federal crimes. However the defendant United States Department of Homeland Security and its rogue agents have consistently presented false statements, inserted manufactured criminal records with various AKA under my DNA samples, and had ultimately ruin my once clean record and had questioned my

Integrity. Thomas May's testimony on March, 2013, attested to this fact. My efforts to get these defendants to Institute Investigations into the unlawful activities have failed.

Furthermore, I have exhausted all my administrative remedies with these defendants. Hence, I am presenting my case once again to this Court, hoping that justice will prevail in this case.

## STATEMENT OF PERTINENT FACTS

On April 25, 2012, I was arrested by the Los Angeles District Attorney's office for crimes I did not commit. A preliminary hearing was set on February 29 through March 1, 2013, almost a year later. During the preliminary hearing, various false witnesses and evidence were Introduced.

The defendant United States Department of Homeland Security presented its agent, Thomas May who Contradicted himself, and provided misleading material statements to cast doubts on my identity, and then contributed in securing an unlawful detention against me. The defendant then placed a Homeland Security hold on me. The hold that the defendant placed on me, violated my Constitutional rights as a United States citizen who was falsely accused of false crimes, and restricted me to post the $100.000 bail the Court had set for me.

While I was unlawful detained in Century Regional Detention Facility, the jail condition and the Conspiracy surrounding my case, triggered me to take an Involuntary plea agreement with the intention to vacate the involuntary plea upon released. I was confident that the defendant United States Department of Homeland Security will Investigate the Issue about my citizenship and release me Immediately once the defendant had confirmed the truth. Hence, on May 5, 2013, I appeared in front of Judge

Lisa B. Lench and finalized the involuntary plea agreement.

On May 6, 2013, the defendant United States Department of Homeland Security took me into its custody. I was taken to its downtown Los Angeles office, where I found the defendant's agent, Thomas May eagerly anticipating to process me into custody. I did not trust him, therefore, I refused to be interviewed by the defendant's agent, and requested for another agent or a supervisor to process me. Robert Miyakawa took over the intake process and started asking very strange questions. Not knowing that Robert Miyakawa was Thomas May's partner, I answered some of his reasonable questions, and ignored the questions that were taken from public records and Western Union money transfer account activities I have conducted to friends and family members around the world.

Thomas May then stood right next to Robert Miyakawa. He presented some documents under the name LILY ALPHONSIS MAJOSUS, and attached a photo of a dark skin woman to the documents and then asked me to sign the documents. I refused to sign the documents, because it was not in my name and information. The attached photo was not my photo. After refusing to sign the documents the defendant was forcing me to sign they decided to fingerprint me and insert my DNA samples under that name. I refused to be fingerprinted under someone else's information. Thereafter, the agents used illegal tactics and verbal threats in an effort to take my fingerprints, but I refused. The defendant's agents Robert Miyakawa and Thomas May manhandled me and used excessive force to obtain my fingerprints. I was then physically abused and transferred to James A. Musick Detention Facility in Irvine, California.

Two days after I was housed, I contacted the defendant United States Department of Homeland Security's U.S citizen investigative unit. My case was investigated and presented to a Federal Judge.

The defendant was ordered to release me from its custody immediately because it had unlawfully detained a U.S. Citizen. On May 15, 2013, I was released from the defendant United States Department of Homeland Security's custody as a Free Woman. John Bolongue the Supervisor who supervised my release apologized to me.

Once I was released on May 15, 2013, the defendant's agents Robert Miyakawa and Thomas May discovered an investigation has revealed I am a U.S. Citizen with a valid U.S. passport. Therefore, it is against Constitutional laws to deport a citizen who was born in the U.S. and holds a valid passport. Based on that, the defendant's agents decided to scheme and violate my Constitutional rights. They presented a social security information that is other than my own, and conspired with the defendant United States Department of State agent; Jonathan M. Rolkin to illegally revoke my passport on May 15, 2013. The same day I was released from the defendant's custody.

Desparate to arrest me again and mess with my life, the defendant and its agents presented a forged "Notice to Appear" and the letter from the defendant United States Department of State, indicating the revocation of my passport in the immigration court and filed the forged "NTA" on May 16, 2013. The defendant was able to obtain a hearing date on July 15, 2013.

After I was released from the defendant's custody, I went to the Public Storage Facility around May 23, 2013, to pay for my outstanding balance, and to take some properties. Upon arriving at the storage facility I was handed a Search Warrant that was dated on May 15, 2013. The defendant and its agents, Thomas May and Robert Miyakawa had submitted false statements and depicted me as someone who was involved in terrorist activities, because of my various travels to Dubai, U.A.E, Mumbai, India, Istanbul, Turkey, and other foreign destinations including Accra,

Ghana. The defendant had alleged in the warrant that I was hiding multiple Identifications and travel documents in my storage. Hence, the fraudulently obtained warrant was used to access my storage, before the time I was released from custody on May 15, 2013. And on May 22, 2013, I walked into my storage unit and discovered that all my valuable items, jewelry, laptop, memorabilia, documents and photos were all taken from my storage unit. My expensive antique artwork and glassware were all destroyed by the agents. I listed the missing and the damaged items, and returned to the storage manager to inquire about the number of people who have had access into my storage unit. The manager reviewed my record and confirmed it was only the defendant's agents who have accessed my storage unit. On that note, I went home and contacted the defendant United States Department of Homeland Security about my missing items and the damages they have caused in my storage unit.

I realized the defendants agents were busy conspiring to ruin my life, while I was busy trying to put my life back together. Although I was wronged by the defendant, I did not pursue anyone. However, knowing the consequences of their unlawful actions, the agents decided to scheme and have me deported.

Around late May, 2013, I filed a complaint with the Inspector General of the United States Department of Homeland Security, against Thomas May and Robert Miyakawa. I was advised to submit an administrative remedy for the resolution of the issues I was having. I sent in the administrative remedy, and narrated the whole story to the defendant.

On July 15, 2013, the defendant was able to fraudulently obtain an absentia under the name LIIV APPHONSIS MAJDALIE, and an old Beverly hills address.

Around September 2013, when I was trying to put my life

back together, I utilized my connections around the world and contacted various government offices to launch the international division of my non-profit organization, "World Movie Awards." While communicating with the office of the Crown Prince of Dubai, to launch the organization in Dubai, I learned the defendant's agents Thomas May and Robert Miyakawa had conspired with their contacts in the California Franchise Tax Board, and had suspended the Corporate Status of my organization in October, 2013.

Some of my prospective partners in Dubai and Oslo, Norway, received warning emails with attached documents filled with false arrest records and crimes. The documents were written on the defendant United States Department of Homeland Security's letterhead, and had a copy of the mugshot the defendant had taken of me on May 6, 2013. The letter indicated I was being investigated and was on the defendant's terrorist watch list. My partners did not believe it, hence, copies of the documents were forwarded to me for my review and answers. I ended up losing my investors.

On January 6, 2014, after six months of no resolution to my problems. I filed a litigation against the defendant, and entities that had been used to ruin my life. On January 9, 2014, while on my way to have the litigation delivered for the defendant United States Department of Homeland Security to be served, I was arrested by the defendant's agents Thomas May, Robert Miyakawa and a female agent right outside of a friend's house where I was staying. The defendant's agents informed me that, I was under arrest for a deportation warrant, an "absentia." When I requested for a copy of the warrant, Robert Miyakawa told me that I should not worry about the copy of the warrant because I would not need it when I get to Ghana. I was given a copy of the defendant United States Department of State's letter

ndicating that my passport was revoked on May 15, 2013. I was processed and transferred to the Santa Ana jail processing center, where I encountered severe physical abuse from the Female Deputies.

After spending three months in the defendant's custody being mistreated and starved, the defendant released me and forced me into its supervised program with an ankle monitor on my leg. The defendant then resulted in using unlawful tactics to force me to obtain a passport from Ghana, and depart from the U.S. since it had failed to prove its allegation that I was born in Ghana. After refusing to succumb to the defendant's unlawful tactics to lie to the Ghana Embassy, and obtain a Ghana passport, the defendant's agent, Peter Menzes and his female partner decided to call the Ghana Embassy in Washington D.C. The Consulate office answered, and informed the agents they knew about my case and had already sent the report confirming that I was not born in Ghana. Once the Embassy disconnected the line, Peter Menzes cut the monitoring device in my leg on June 26, 2014, and informed me to go and reinstate my passport.

Around July 2014, I decided to visit a friend who is a former Marine Digital Expert, who was helping me with my case and also authenticating a video disc that was left in my possession. Another friend in the music industry who was aware of my struggles and the reasons behind them, expressed his interest in the contents of the video disc, but needed the content to be authenticated to allow him to use it for the remake of one of his classic songs 'The Beautiful Ones,' to pay a tribute to the falling icons in the music industry who had been killed by drugs. Therefore, I asked for the permission from the probation department to travel to Illinois, North Dakota, to ensure the authentication was done. (See Exhibit B)

At the same time July, 2014, the defendant United States Department

of Homeland Security and its agent, Robert Miyakawa contacted the County of Los Angeles Probation Department, and obtained my location. Once my location was given to the defendant: The defendant's agents Thomas May and Robert Miyakawa, changed the date on the Fraudulently Obtained deportation warrant that was issued on July 15, 2013 to July 15, 2014. The defendant's agents then Forwarded the Forged deportation Warrant, a fraudulent birth document, and an Amtrak Train itinerary to the United States Border Patrol, and requested For my immediate arrest.

On July 18, 2014, I arrived at the Amtrak Train station in Minot, N.D. only to be arrested by two U.S. Border Patrol agents. I was arrested for the deportation Warrant, and taken to the U.S. Border Patrol station in Bottineau, North Dakota. After being processed into custody, I was transferred to the Grand Forks detention Facility. On July 21, 2014, I appeared in front of U.S. Magistrate Judge Karen K. Klein, and was assigned a court appointed counsel, Christopher Lancaster to represent the case. Charges of violations of U.S.C. § 100 (a), (2), 1015 (e), and 1544 were filed against me. And through my attorney, I discovered that there was no deportation Warrant that was issued on July 14, 2014, for my arrest. The defendant and its agents had changed the date on the old Fraudulently Obtained absentia from July 15, 2013 to July 15, 2014, and had used the Forged Warrant to arrest me to face new bogus charges they had schemed and leveled against me.

On August 4, 2014, the defendant United States of America Filed an order for pre-trial detention, under the case name United States vs. Alphonsis-Majdoub, Case No. 4:14-cr-143. The case was not under my name, and certainly, I did not commit any federal crimes when I identified myself as who I am, Lily Cassandra Alphonsis, a United States citizen and nothing else. The defendant United States of America, Tampered my pleading to look into the unlawful detention that

I was suppressed under, and investigate, the bogus case against me.

On September 4, 2014, the defendant charged me with making a false claim of citizenship, misuse of a passport, and possession of counterfeit immigration documents.

The defendant United States of America, and my court appointed counsel, kept pushing back the date for the trial. Around October 2014, I received a copy of a "Motion of Limine" the defendant had filed. The motion was filed with the same false allegations stemmed from the Los Angeles District Attorney's office, and was filled with manufactured criminal records. The defendant made numerous false allegations against me, but did not provide any supporting facts or evidence to back up its allegations. My attorney objected the "Motion of Limine" and made one point very clear, the photos that were presented in the defendant's discoveries do not look like me.

Somewhere around mid November, 2014, the defendant came up with a plea agreement. According to my attorney, the defendant had offered one count of plea, guilty for "Misuse of a passport" and the three other charges would be dismissed. I refused the defendant's plea agreements and informed my attorney to tell the defendant to dismiss all charges against me, or give me my day in court. Thence, the trial date was set for December 3, 2014. In about one week to the trial, my attorney informed me that, the defendant had once again requested to push back the trial date to a later date in February, 2015.

Around November, 2014, I submitted a petition for writ of habeas corpus for an unlawful detention. On December 3, 2014, the petition for writ of habeas corpus was filed. On December 5 2014, my attorney informed me that, an urgent hearing was conducted about my petition, and the United States District Judge Ralph Erickson was concerned about me, and so, he had approved the

defendant's request for a pre-trial evaluation to see if I was competent to stand on trial.

On December 8, 2014, the United States Marshal escorted me to Sioux Falls, South Dakota, where I was transferred in to the Con Air to catch a bus at the Federal Transit Center in Oklahoma. I spent almost two weeks in the Federal Transit Center, and was transported to Carswell Federal Medical Women Prison in Fort Worth, Texas. After spending almost two months being evaluated by Dr. Christine Anthony, I was transported back to Cass County Jail Facility, where I was housed in Fargo, ND.

On February 13, 2015, my attorney Christopher Landcaster visited and reviewed the evaluation report with me. There after reviewing the report, he refused to give me a copy to keep for my records. And informed me that, based on the report the defendant United States of America was going to dismiss all charges against me. Two hours after I met with my attorney, the United States Marshal escorted me to the United States District for the District of North Dakota' court room, presided by District Judge Ralph Erickson. I appeared in front of the District Judge Ralph Erickson, where the defendant's attorney stated that "based on the evaluation report, all charges against me are dismissed" I was then exonerated by the District Judge, who informed me that I was free, but the state of California had issued an extradiction warrant against me. I asked the District Judge to review my petition and remove the hold on me.

On February 20, 2015, I was released from custody in Fargo, ND. On April 3, 2015, a report and recommendation was issued for my habeas corpus, recommending I pursue my case in Los Angeles. Effal article III of the Constitution limits the jurisdiction of Federal Courts to actual cases or controversies. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).

On May 1st 2015 my petition was dismissed by District Judge Ralph Erickson, because I was no longer in the defendant's custody. Hence, I did not have any stand to seek for a habeas Corpus relief from his court.

I returned to California around mid May 2015, and contacted the probation department to report. I learned from the probation department that, On July 23, 2014, the defendant United States Department of Homeland Security and its agent, Robert Miyakawa, had contacted the probation department with false statements about my arrest in North Dakota. The defendants agent then conspired with probation department officer Gabriela Escando, and incited her to obtain a bench warrant against me, because "Homeland Security is concerned the defendant is a flight risk and will not return to California upon release from Grand Forks County detention Center." (see Exhibit A).

Furthermore, the probation officer, Gabriela Escando, who did not know that I had obtained permission before I traveled to North Dakota, nor was she my probation officer to have known anything about me to report. Based her report about me on the false statements the defendant and its agent Robert Miyakawa had called her with. Gabriela Escando then sent the report to Superior Court Judge Lisa B. Lench, and obtained a bench warrant against me. When I requested to speak with my probation officer, I was told that She had retired.

On May 21, 2015, I appeared in front of Judge Lisa B. Lench to address the warrant She had issued against me. The Judge ordered me to return on May 29, 2015. On May 29, 2015, the District Attorney on the case, Susan Jung Townsend showed up and depicted me as a recidivist. Her request for me to be

remanded was honored by the Judge. I was remanded and sent to the Century Regional Detention Facility.

On June 12, 2015 I returned to court to find the defendant's agents, Thomas May and Robert Miyakawa in the courtroom. My rights to a probation hearing was violated. Furthermore, I did not concede or yield to Susan Jung Townsend's false allegations, but I was convicted. On June 16, 2015, in the presence of the defendant's agents, Thomas May and Robert Miyakawa, I was sentenced to five years in County jail. I never had the chance to read the probation report that was used to sentence me until August, 2015. It was after I had received and read the report, then I realized the reason why my attorney had lied to me that he did not have a copy of the report when I had requested a copy from him on June 12, 2015.

The report that was used to sentence me to five years in jail was based on the false statements from the defendant, United States Department of Homeland Security and its agent Robert Miyakawa. (See Exhibit A). The report claimed that I had served nine months in custody in North Dakota, and asserted that, Robert Miyakawa had informed the probation department that I sold my original passport, but had claimed to the defendant United States Department of State that my original passport was stolen. The report goes on to make false allegations about my missing birth certificate and my citizenship status.

After examining the content of the probation report that was used to sentence me to five years, it was absolutely clear that, the defendant United States Department of Homeland Security and its Conspirators had conspired with the County of Las Angeles probation department to accomplish their ultimate goal to imprison me; thus, after several unsuccessful attempts to deport me and their plots to imprison me for bogus federal crimes, had eventually failed.

# CAUSES OF ACTION
## CONSPIRACY

The Conspiratorial activities in this case are derived from the defendant United States Department of Homeland Security's unscrupulous and unlawful acts that were conducted against me from February, 2013, through June 16, 2015. Below are the lists of the Conspiratorial activities that were acted against me. Hence, I am beseeching this court to consider these unlawful acts, and then use its discretionary power to hold the defendants accountable:

1) The United States Department of Homeland Security and its agent, Thomas May, on March 1, 2013, conspired with the County of Las Angeles District Attorney's office and its Deputy District Attorney, Susan Jung Townsend, California Department of Motor Vehicles agent Eduardo Castellon, and presented a false testimony to secure an unlawful detention against me. The defendant then placed an illegal Homeland Security hold on me, restricted my freedom and violated my constitutional rights to post bail.

2) On May 15, 2013, the defendant and its agents Thomas May and Robert Miyakawa, conspired with the defendant United States Department of State agent, Jonathan M. Rolbin, and unlawfully manipulated and tampered with the files in my passport applications, and then revoked my legally issued passport.

3) Around July 15, 2014, the defendant and its agents Thomas May and Robert Miyakawa, contacted the County of Las Angeles Probation Department and obtained my location. The defendant and its agents once again, conspired with its division United States Border Patrol, its agent Jay Medin, forwarded my Amtrak Train itinerary, and counterfeit birth document to the U.S. Border Patrol and then, used a forged absentia that was dated on July 15, 2014 to Falsely arrest me on July 16, 2014.

(4) The defendant United States Department of Homeland Security and its agent, Robert Miyakawa, on June 5, 2015, in a telephone conversation with Gabriela Escando, relayed false statements to her about my Identification documents, and then conspired with Gabriela Escando to present the false statements in the probation report that was used to sentence me to five years in the county jail. (See the second report in Exhibit A).

<u>FRAUD</u>

The fraudulent documents that the defendant United States Department of Homeland Security, and its agents, Thomas May and Robert Miyakawa, have unconstitutionally manufactured and inserted on my record since February, 2013, in an effort to depict me as someone else, is simply unethical.

Furthermore, the lists of these fraudulent activities that were conducted by the defendants, are unequivocally illegal and unconstitutional actions of corrupted agencies and their rogue agents.

(1) On May 6, 2013, the defendant United States Department of Homeland Security and its agents, Thomas May and Robert Miyakawa, manipulated my DNA samples under someone else's information, and then manufactured criminal records, and inserted various AKA and tampered with my records.

(2) The defendant United States Department of Homeland Security and its agents, Thomas May and Robert Miyakawa, submitted false statements in a document to a Judge, they depicted me as someone who was involved in terrorist activities, and then obtained a search warrant against me on May 15, 2013. Subsequently, the fraudulently obtained search warrant was used to access my Public Storage Unit, and my properties were stolen from my Unit.

(3) The defendant United States Department of Homeland Security

and its agents, Thomas May and Robert Miyakawa, forged my signature on a "Notice to Appear," under the name LILY ALPHONSE MAJDOUB, filed the NTA document in an immigration court on May 16, 2013, then obtained a hearing date for July 15, 2013.

Consequently, the defendant convinced an immigration judge, Traci Hon, and fraudulently obtained an "absentia" on July 15, 2013.

## CIVIL RIGHTS VIOLATIONS

(1) The defendant United States Department of State has intentionally violated my civil rights as a U.S. citizen, when the defendant did not emphasize and direct the defendant United States Department of Homeland Security to follow its Adjudicators Field Manual chapter 83, for the proper procedure for recommending the revocation of U.S. passport to the State Department."

In a violation of its own protocol, the defendant United States Department of State, conspired with the defendant United States Department of Homeland Security to unconstitutionally revoke my passport without any notification to allow me to challenge the misleading information that was used to revoke my passport on May 15, 2013.

(2) The defendant United States Department of Homeland Security and its agents, Thomas May and Robert Miyakawa, physically abused me by using excessive force to obtain my DNA samples on May 6, 2013. And also on January 9, 2014, the defendant allowed the Santa Ana processing center females deputies to physical abused me.

(3) The defendant United States Department of Homeland Security and its agents, Thomas May and Robert Miyakawa, discriminated against me by racial profiling me and then, accused me of "altering my racial identity to disguise who I am" on May 6, 2013, January 9, 2014 and on July 18, 2014.

(4) The defendant United States Department of Homeland Security,

and its agents, Thomas May and Robert Miyakawa, On July 18, 2014,
used a fraudulently obtained absentia and falsely arrested me
two times. I was subjected to a double Jeopardy, thus, two
different adjudications for the same warrant on January 9, 2014
and July 19, 2014.

## Human Rights Violations

① The defendant United States Department of Homeland Security
and its agents, Thomas May and Robert Miyakawa, On May 6, 2013,
and January 9, 2014, falsely imprisoned me and violated my human
rights, which included my God given and Constitutional liberty to
pursue happiness, accomplish my goals and to launch my company
the "World Movie Awards Organization."

② The defendant United States Department of Homeland Security,
on May 6, 2013, through May 15, 2013, violated my human rights and
prisoner rights, when I was subjected to starvation.
On January 9, 2014, through April 11, 2014, the defendant unlawfully
detained me, mistreated me, and used severe starvation to torture
me. The defendant also denied me the access to proper medical care.
In turn, violating my prisoner rights to free access to medical care
which is regarded as belonging fundamentally to all prisoners.

③ On July 21, 2014, the defendant United States of America,
abetted the unlawful actions of the defendants United States Department
of Homeland Security and United States Department of State, and incited
to charge me with four crimes I did not commit. The defendant violated
my human rights when I was subjected to seven months unlawful detention
from July 18, 2014 through February 20, 2015.

④ The defendant United States of America had failed to institute an
investigation into my case, after I submitted various letters and requests
to the United States Attorney General's office, pleading to the Attorney

General to review my case, and prompt the defendants United States Department of Homeland Security and United States Department of State, to rectify the damages that have been done to my identity records. As a result of the defendant's failure to institute investigations into the unlawful actions conducted against me by these two defendants, especially the illegal activities ran by the defendant United States Department of Homeland Security, I have been suppressed under false imprisonment once again. A violation of my human rights.

The defendant's Attorney General, demonstrated its position on my case when they presented the fraudulently obtained absentia in an objection to the Petition for Writ of habeas Corpus I filed on July 29, 2015, after I was incarcerated. Thence, rather than revising my case and investigating the illegal activities I mentioned in my petition, the defendant United States of America's attorney General office chose to support the unlawful actions that were acted against me, and indicated in its "Memorandum of points and authorities," on page 2 paragraph two, that its Federal agencies do not admit to any act that had contributed to my current imprisonment.

Hopefully, after reviewing the exhibit, the Attorney General will see the conspiratorial actions that were conducted by its agency the defendant United States Department of Homeland Security, and how the defendant's acts played a major role and contributed to the current false imprisonment I have been subjected to and then admit to the fact that its agencies played a major role in the ruining of my life.

## RELIEF

① I beseech the Courts to order the defendants to present all the records and documents under my name, and any other AKA that the defendant United States Department of Homeland Security and its

agents, have manufactured, altered, inserted under my DNA samples, my name and under my federal profile, for the Courts review and verification of my identity.

(2) I invoke the Courts discretionary power and beseech this Court to review this complaint and its exhibits, and hold the defendant United States Department of Homeland Security and its agents, Thomas May and Robert Miyakawa accountable for conspiracy, fraud, civil rights and human rights violations against me, and allow me to prove to this court, the 12 Billion dollars worth of damages the defendant and its Conspirators have caused me since interrupting my once productive and successful life.

(3) I beseech the Courts to order the defendant United States Department of State to review my passport files and rectify the damages that its agent Jonathan M. Rolbin has done, review and remove all the photoshopped images or photos, and the false information from my file, and then reinstate my passport immediately.

(4) I beseech the Courts to hold the defendant United State of America accountable for its failure to institute investigations against the defendants unlawful actions against me, and also hold the defendant accountable for the role it's played in violating my human rights.

(5) I beseech the Courts to review this complaint and hold the defendants, United States Department of Homeland Security, United States Department of State, and the United States of America accountable for their unlawful actions against me, and impose punitive damages, attorney fees and any other legal fees, including court fees on them to pay accordingly.

## CONCLUSION

I, still have faith in this judicial system, even though, I have

been terribly wronged. I hope that after this Court reviews this civil action; the presiding judge and this court will start asking questions and then demand answers from the defendants and ensure justice prevails in this litigation.

Finally, I hope that this Court will ensure that I am given the opportunity to fight for my rights, and that no human being, no matter who they are or where they are from, will ever be subjected to oppression and the kind of distresses that I have been forced to endure. I truly hope that this will be the last litigation I will have to file, and that this complaint will culminate in the resolution for the absolutely horrific I have been subjected to.

I Lily Cassandra Alphonsis, hereby declare that the forgoing events set forth in the content of this litigation, contains nothing but the truth of the events and circumstance as they unfolded.


Humbly Submitted,


Lily Cassandra Alphonsis
Dated: May 7, 2017

EXHIBITS

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

000043

### PROBATION OFFICER'S REPORT

REPORT SEQUENCE NO. 2

| | | | |
|---|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, **Plaintiff** | COURT - DEPT/DIV<br>CEN-132 | ATTY.<br>BARNWELL | JUDGE<br>LENCH |
| | HEARING<br>07/25/2014 | EXPIRATION DATE (S)<br>05/02/2016 | COURT CASE NO./DEF. ID<br>BA384459-01 |
| VS. | C.I.I. NO.<br>A21611871 | | |
| LILY ALPHONSIS MAJDOUB **Defendant** | PROBATION NO.<br>X-2091025 | | |
| | DPO<br>ESCANDON | | AREA OFFICE<br>RIVERVIEW |

| | |
|---|---|
| WHEREABOUTS<br>GRAND FORKS COUNTY DETENTION CENTER<br>NORTH DAKOTA | ☒ NON-APPEARANCE<br>☐ INSTRUCTED TO APPEAR BY: _____ |

## SUPPLEMENTAL REPORT

1
2  **REASON FOR HEARING:**
3  THIS MATTER IS BEFORE THE COURT TO PROVIDE NEW INFORMATION ABOUT THE DEFENDANT
   THAT HAS BEEN OBTAINED BY THE PROBATION DEPARTMENT.
4
5  **REPORT:**
6  ON 07/23/2014 THE LOS ANGELES COUNTY PROBATION DEPARTMENT RECEIVED A PHONE CALL
7  FROM AGENT ROBERT MIYALCAWA OF THE DEPARTMENT OF HOMELAND SECURITY. HE INFORMED
8  PROBATION THAT THE DEFENDANT WAS ARRESTED IN NORTH DAKOTA FOR PRESENTING FALSE
   DOCUMENTS AND USING THEM TO LEAVE AND ENTER THE COUNTRY. THE DEFENDANT
9  ALLEDGEDLY OBTAINED A U.S PASSPORT USING FALSE DOCUMENTS, SEEING AS SHE IS NOT A
10 UNITES STATED CITIZEN. SHE IS CURRENTLY FACING NEW FEDERAL CHARGES FOR THIS AND SHE
11 ALSO HAS A PENDING ORDER OF REMOVAL WITH IMMIGRATION.  (SEE ATTACHED FEDERAL
12 COMPLAINT).
13
14

*Exhibit A*

76C692G - PROB. 712 (REV. 04/06)

000044

1   HOMELAND SECURITY IS CONCERNED THE DEFENDANT IS A FLIGHT RISK AND WILL NOT RETURN

2   TO CALIFORNIA UPON HER RELEASE FROM THE GRAND FORKS COUNTY DETENTION CENTER.

3   THE DEFENDANT LEFT THE STATE OF CALIFORNIA WITHOUT THE PERMISSION OF THE PROBATION

4   DEPARTMENT. PROBATION WAS NOT AWARE THAT SHE WAS OUT OF THE STATE UNTIL WE

5   RECEIVED THE CALL FROM THE DEPARTMENT OF HOMELAND SECURITY.

6   IN VIEW OF THE CIRCUMSTANCES BROUGHT TO LIGHT BY THE DEPARTMENT OF HOMELAND

7   SECURITY, THE COURT MAY WISH TO ISSUE A BENCH WARRANT SO THAT THE DEFENDANT MAY BE

8   BROUGHT BACK TO LOS ANGELES COUNTY TO FACE THE PROBATION VIOLATION ONCE HER

9   MATTERS IN NORTH DAKOTA ARE RESOLVED. THEREFORE, THE FOLLOWING RECOMMENDATION IS

10  RESPECTFULLY SUBMITTED FOR THE COURT'S CONSIDERATION.

11

12  **RECOMMENDATION:**

13  IT IS RECOMMENDED THE DEFENDANT BE PRELIMINARILY FOUND IN VIOLATION OF PROBATION

14  AND A BENCH WARRANT BE ISSUED.

15

16

17  RESPECTFULLY SUBMITTED,

18

19  JERRY E. POWERS                                      READ AND APPROVED BY:
    CHIEF PROBATION OFFICER

20
    BY:
21  GABRIELA ESCANDON, DPO                               ARTHUR SOSA, SDPO
    TELEPHONE:  (626) 579-8529                           TELEPHONE:   (626) 579-8506
22  RIVERVIEW AREA OFFICE

23

24  SUBMITTED:    -TYPED:        BY:

25  ─────────────────────────────────────────────────────────────

26  I HAVE READ AND CONSIDERED THE FOREGOING REPORT OF THE PROBATION OFFICER.

27  _____          _____
            JUDGE OF THE SUPERIOR COURT                    DATE
28

- 2 – (ALPHONSIS MAJDOUB)
76C692G - PROB. 712 (REV. 04/08)

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES
### PROBATION OFFICER'S REPORT

*COURT COPY*

*000039*

REPORT SEQUENCE NO. 2

THE PEOPLE OF THE STATE OF CALIFORNIA,

                               **Plaintiff**

vs

LILY CASSANDRA ALPHONSIS     **Defendant**

| Field | Value |
|---|---|
| COURT - DEPT/DIV | CEN - 132 |
| ATTY. | ENGER (DPD) |
| JUDGE | LENCH |
| HEARING DATE | 06/12/2015 |
| EXPIRATION DATE(S) | 05/02/2016 REVOKED |
| COURT CASE NO./DEF. ID | BA384459-01 |
| C.I.I. NO. | A21611871 |
| DPO | HOLLING |
| AREA OFFICE | CAI |
| PROBATION NO. | X- 2091025 |

**TRUE NAME**
LILY MAJDOUB ALPHONIS; LILY ALPHONSIS; LILY ALPHONSIS MAJDOUB

**WHEREABOUTS (ADDRESS/ZIP CODE/TELEPHONE)**
CRDFC370

**BOOKING NO.**  4341029

**RECOMMENDATION**
VIOL; REVOKE AND IMPOSE

*FILED Los Angeles Superior Court JUN 12 2015 Sherri R. Carter, Executive Officer/Clerk Pablo Guerrero, Deputy*

☐ NON-APPEARANCE   ☒ DEFENDANT INSTRUCTED TO APPEAR BY:   **COURT**

**CONVICTED OF THE CRIME(S) OF**
CT. 1:  550(A)(1)PC - PRESENT/ETC FALSE/ETC CLAIM F/PAY
CT. 2 & 3:  118(A)PC - PERJURY

| DATE OF ORIGINAL GRANT | SENTENCE | JUDGE AT P&S | PROBATIONARY PERIOD |
|---|---|---|---|
| 05/03/2013 | IMPOSITION OF SENTENCE SUSPENDED | LENCH | 3 YEARS |

| COUNTY JAIL TIME (TOTAL) | TIME PRIOR TO P & S | TIME AS A CONDITION |
|---|---|---|
| 142 DAYS ✓ | 128 DAYS ✓ | 128 DAYS |

**REASON FOR HEARING:**

THE DEFENDANT LAST APPEARED BEFORE THE COURT AS A RESULT OF HAVING BEEN ARRESTED/SURRENDERED ON THE AUTHORITY OF THE BENCH WARRANT ISSUED ON 07/30/2014 . THE MATTER WAS CONTINUED TO THE INSTANT DATE FOR PROBATION REPORT.

**RECORD BUREAU CLEARANCE:**

THIS CASE HAS BEEN REGISTERED WITH THE CALIFORNIA DEPARTMENT OF JUSTICE, BUREAU OF CRIMINAL IDENTIFICATION. A CHECK WITH THIS AGENCY, FBI RECORDS AND LOCAL LAW ENFORCEMENT AGENCIES REVEALED THE FOLLOWING INFORMATION NOT PREVIOUSLY REPORTED TO THE COURT SINCE THE GRANTING OF PROBATION:

07/19/2014        U.S. BORDER PATROL/NORTH DAKOTA - CHARGE:  0302 (FALSE CITIZENSHIP).

                (PLEASE SEE THE INTERESTED PARTIES SECTION CONCERNING ADDITIONAL INFORMATION PERTAINING TO THIS ARREST).

*(Exhibit F) is 4 pages.*

000040

**CONDUCT UNDER SUPERVISION:**

REGARDING CASE NUMBER  #BA384459-01, PROBATION RECORDS INDICATE THE FOLLOWING:

**REPORTING:**

☒ DEFENDANT LAST REPORTED TO PROBATION ON 07/14/2014 BY KIOSK AUTOMATED REPORTING SYSTEM.   TO DATE, DEFENDANT HAS REPORTED A TOTAL OF (11) TIMES.

☐ DEFENDANT HAS NOT REPORTED FOR PROBATION SUPERVISION SINCE HIS GRANT DATE.

**PAYMENTS:**

☐ DEFENDANT HAS MADE PAYMENTS TOWARDS HIS FINANCIAL OBLIGATION. TO DATE, HE HAS MADE A TOTAL OF () PAYMENTS TOTALING $00.00, TOWARDS HIS BALANCE. HE OWES $N/A TOWARDS RESTITUTION, AND $      TOWARDS COSTS OF PROBATION SERVICES.

☒ DEFENDANT HAS NOT MADE ANY PAYMENTS TOWARDS HIS FINANCIAL OBLIGATIONS. THE DEFENDANT'S OUTSTANDING FINANCIAL BALANCE IS, $3,486.00.

**CONDITIONS:**

☒ ADDITIONAL CONDITIONS OF PROBATION INCLUDE DEFENDANT TO PROVIDE A D.N.A. SAMPLE. ACCORDING TO PROBATION RECORDS AND THE DEFENDANT'S STATE IDENTIFICATION CRIMINAL HISTORY, THE DEFENDANT HAS PROVIDED A D.N.A. SAMPLE.

☒ DEFENDANT HAS FAILED TO COMPLY WITH THE FOLLOWING CONDITIONS OF PROBATION.  REPORT FOR SUPERVISION; AND OBEY ALL LAWS AND ORDERS OF THE COURT.


**INTERESTED PARTIES:**

ON 06/05/2015, DISCOVERED FROM THE PROBATION DEPARTMENT'S ADULT PROBATION SYSTEM (APS), SUPERVISION CASE NOTES (CHRONOLOGICAL ENTRIES), THIS OFFICER LEARNED THE DEFENDANT HAS BEEN UNDER INVESTIGATION FOR USING A FALSE PASSPORT DURING HER ARREST IN NORTH DAKOTA, WHERE THE DEFENDANT SERVED APPROXIMATELY NINE MONTHS I.C.E. CUSTODY.

ON THE AFOREMENTIONED DATE, A TELEPHONE CONVERSATION WITH I.C.E. AGENT, ROBERT MIYAKAWA (310) 493-4923, REVEALED THE DEFENDANT HAS CLAIMED SHE IS A UNITED STATES CITIZEN; I.C.E. INVESTIGATION RECORDS ALSO REVEALED THE DEFENDANT WAS BORN IN GHANA, AFRICA., BUT LATER PROVIDED LOS ANGELES COUNTY WITH A BIRTH CERTIFICATE INDICATING THE

76P727 – PROB. 241BW (REV. 03/2010)                    **Probation Department's Official Copy - Date Prepared: 06/08/2015**

000041

DEFENDANT IS A UNITED STATES CITIZEN – HOWEVER, ACCORDING TO AGENT R. MIYAKAWA, THE

DEFENDANT'S RECORDED BIRTH CERTIFICATE WAS LATER PRONOUNCED FRAUDULENT, AND IT WAS

DETERMINED THE DEFENDANT IS NOT AN UNITED STATES CITIZEN.

FURTHERMORE, AGENT R. MIYAKAWA INFORMS THE DEFENDANT SOLD HER ORIGINAL PASSPORT

BUT CLAIMED, TO THE U.S. STATE DEPARTMENT, HER ORIGINAL PASSPORT WAS STOLEN, AND

OBTAINED A PASSPORT COPY – WHICH, ON 07/19/2014, THE DEFENDANT PRESENTED TO THE UNITED

STATES BORDER PATROL/NORTH DAKOTA, WHICH RESULTED IN HER ARREST.

ON 06/08/2015, THIS OFFICER RECEIVED A TELECOMMUNICATIONS MESSAGE FROM THE IMMIGRATION

CUSTOMS ENFORCEMENT (ICE) / ENFORCEMENT AND REMOVAL OPERATIONS (ERO) OFFICE, WHICH

INFORMED ON 07/15/2013, (ICE) ISSUED A FINAL ORDER OF REMOVAL.   FURTHERMORE, THE

AFOREMENTIONED MESSAGE INDICATED THE DEFENDANT WAS GRANTED A "STAY OF REMOVAL,"

AND ACCORDING TO (ICE) RECORDS, THE DEFENDANT APPEARS TO HAVE AN OUTSTANDING

WARRANT OF REMOVAL PENDING WITH (ICE).

**TOLLING OF TIME:**

PROBATION WAS ORIGINALLY GRANTED ON 05/03/2013 .  PROBATION HAS BEEN ACTIVE FOR A TOTAL

OF 433 DAYS.  SHOULD THE COURT REINSTATE PROBATION ON THE INSTANT DATE, THE NEW

EXPIRATION DATE WOULD BE 04/04/2017.

**EVALUATION:**

THE COURT HAS FOR ITS CONSIDERATION  A DEFENDANT, WHO SINCE JULY 2014, HAS FAILED TO

REPORT FOR SUPERVISION.  FURTHER INVESTIGATION HAS REVEALED THE DEFENDANT'S ABSENCE

FROM PROBATION SUPERVISION LIKELY RESULTED FROM HER ATTEMPT TO REPEATEDLY DECEIVE

UNITED STATES IMMIGRATION OFFICIALS, CONCERNING HER IMMIGRATION STATUS; IT APPEARS THE

DEFENDANT'S ATTEMPTS HAVE UNFOLDED HER TRUE IMMIGRATION STATUS, WHICH CATEGORIZES

HER AS A "DEPORTABLE ALIEN."

THUS, THE DEFENDANT'S IMMIGRATION ISSUES, NOTWITHSTANDING, THE UNDERSIGNED OPINES THE

DEFENDANT IS NO LONGER A VIABLE CANDIDATE FOR PROBATION SUPERVISION.   FOR

APPROXIMATELY ONE YEAR, THE DEFENDANT HAS FAILED TO REPORT FOR SUPERVISION, IN

ADDITION TO, TRAVELING OUT-OF-STATE WITHOUT THE COURT'S AND/OR PROBATION

76P727 – PROB. 241BW (REV. 03/2010)

**Probation Department's Official Copy - Date Prepared: 06/08/2015**

DEPARTMENT'S AUTHORIZATION. DURING SAID TRAVEL, THE DEFENDANT SUSTAINED A FEDERAL ARREST, WHICH RESULTED IN THE DISCOVERY OF HER CITIZENSHIP FALSIFICATION. HENCE, THE UNDERSIGNED STRONGLY RECOMMENDS THE DEFENDANT'S PROBATION GRANT REMAIN REVOKED, AND THE COURT IMPOSE SENTENCE.

**SOURCE OF INFORMATION AND CONTACT INFORMATION:**

THIS REPORT WAS PREPARED FROM ELECTRONIC RECORDS AND/OR STATEMENTS FROM THE SUPERVISION OFFICER. THE UNDERSIGNED HAS HAD NO DIRECT CONTACT WITH THE PROBATIONER. THE UNDERSIGNED DECLARES THAT THE INFORMATION IN THIS REPORT ACCURATELY REFLECTS THE INFORMATION CONTAINED IN THE PROBATION RECORDS AND ANY INFORMATION CONVEYED BY THE SUPERVISION DEPUTY. THE SUPERVISION OFFICE IS RIVERVIEW. THE LAST SUPERVISION DEPUTY OF RECORD IS GABRIELA ESCANDON (PHONE: 626-579-8529). THE SUPERVISING DEPUTY PROBATION OFFICER IS N/A (PHONE: N/A).

**RECOMMENDATION:**

IT IS RESPECTFULLY RECOMMENDED THE DEFENDANT BE FOUND IN VIOLATION OF PROBATION; PROBATION REMAIN REVOKED AND A SENTENCE BE PRONOUNCED AND IMPOSED.

IF PROBATION IS REINSTATED, THE DEFENDANT IS ORDERED TO REPORT TO THE   ASCOT INTAKE

210 W. TEMPLE ST., RM 3-516 LOS ANGELES, CA 90012 (213) 893-0483

RESPECTFULLY SUBMITTED,

JERRY E. POWERS
CHIEF PROBATION OFFICER                              READ AND APPROVED BY:

BY: _____

SERGIO HOLLING, DPO                         HORACIO RAMIREZ, SDPO
TELEPHONE: (562) 974-6731                    TELEPHONE: (213) 974-9390
CENTRAL ADULT INVESTIGATIONS OFFICE

SUBMITTED:      TYPED:      BY:    :    (   )

I HAVE READ AND CONSIDERED THE FOREGOING REPORT OF THE PROBATION OFFICER.

_____               _____
JUDGE OF THE SUPERIOR COURT                      DATE

07/23/2014   02:54 p   Los Angeles County Probation

Jul-23-14   09:58   From-                                    T-126   P.002/005   F-224

000045

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

## DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA

V.

AIPHONSIS-Majdoub, Lily

**CRIMINAL COMPLAINT**

CASE NUMBER:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about _____ July 18, 2014 _____ in _____ Ward & Bottineau _____ County, in the District of _____ North Dakota _____ defendant(s) did,

knowingly and willfully made materially false, fictitious, or fraudulent statement or representation

uses or attempts to use any certificate of arrival, declaration of intention, certificate of naturalization, certificate of citizenship or other documentary evidence of naturalization or of citizenship, or any duplicate or copy thereof, knowing the same to have been procured by fraud or false evidence or without required appearance or hearing of the applicant in court or otherwise unlawfully obtained

willfully and knowingly uses or attempts to use any passport in violation of the conditions or restrictions therein contained, or of the rules prescribed pursuant to the laws regulating the issuance of passports

in violation of Title _____ 18 _____ United States Code, Section(s) _____ 1001 (a)(2) , 1015 (c) & 1544 _____

I further state that I am a(n) _____ Border Patrol Agent _____ and that this complaint is based on the following

facts: SEE ATTACHED AFFIDAVIT.

Continued on the attached sheet and made part hereof: ☒ Yes ☐ No

_____
Signature of Complainant
Jay Medin
Border Patrol Agent

Sworn to before me and subscribed in my presence,

July 21, 2014
Date

Karen K. Klein, U.S. Magistrate Judge
Name & Title of Judicial Officer

at   Grand Forks and Fargo, North Dakota by telephone
City and State

_____
Signature of Judicial Officer

State of Minnesota
Carver County

District Court
First District

Court File Number:  10-PR-16-46

Case Type:  Special Administration

Mailing Label for All Files

LILY CASSANDRA ALPHONSIS
BK NO 4340129
CRDF
11705 SOUTH ALAMEDA STREET
LYNWOOD CA  90262

In re the Estate of Prince Rogers Nelson, Deceased   This case consists of additional volumes.
For documents filed 04-26-16 to 10-09-16, see file number 10-PR-16-46A
For documents filed 10-10-16 to 2-1-17, see file number 10-PR-16-46B
For documents filed on 2-2-17 and later, see file number 10-PR-16-46

Please find enclosed, documents from Carver County Court Administration.

Ifyou have any questions, please call 952-361-1420.

Dated: March 17, 2017

Kristen Trebil-Halbersma
Court Administrator
Carver County District Court
604 East Fourth Street
Chaska Minnesota  55318

Exhibit B

State of Minnesota
Carver County

District Court
First Judicial District

Court File Number: **10-PR-16-46**

Case Type: Special Administration

**Notice of Filing of Order**

**FILED**

APR 0 5 2017

CARVER COUNTY COURTS

**In re the Estate of Prince Rogers Nelson, Deceased. This case consists of additional volumes.**

**For documents filed 04-26-16 to 10-09-16, see file number 10-PR-16-46A**
**For documents filed 10-10-16 to 2-1-17, see file number 10-PR-16-46B**
**For document filed on 2-2-17 and later, see file number 10-PR-16-46**

You are notified that the following Order(s) was/were filed on this date:

Order Granting Motion To File Unredacted Versions Of Bremer Trust's Objections To Bremer Trust's Objections To Bremer Trust's Accounting Through January 31, 2017 And Bremer Trust's Response To Omarr Baker And Tyka Nelson's Objections To Stinson Leonard Street, LLP'S Fee Statements Through January 31, 2017 Under Seal

Dated: **Manual entry**

Kristen Trebil-Halbersma
Court Administrator
Carver County District Court
604 East Fourth Street
Chaska, MN 55318
952-361-1420

cc: See page 2.

A true and correct copy of this notice has been transmitted pursuant to Minnesota Rules of Civil Procedure, Rule 77.04.
All public orders may be accessed at:
http://www.mncourts.gov/InReTheEstateofPrinceRogersNelson.aspx.
Confidential or sealed orders are enclosed for the appropriate party(ies).

4/5/2017 11:15 AM Scanned by Carver County Court Administration

**FILED**

APR 0 5 2017

**CARVER COUNTY COURTS**

STATE OF MINNESOTA

COUNTY OF CARVER

DISTRICT COURT

FIRST JUDICIAL DISTRICT
PROBATE DIVISION
Case Type:  Special Administration

In the Matter of:

Estate of Prince Rogers Nelson,

　　　　　　Decedent,

and

Tyka Nelson,

　　　　　　Petitioner.

Court File No. 10-PR-16-46

**ORDER GRANTING MOTION TO FILE
UNREDACTED VERSIONS OF BREMER
TRUST'S RESPONSE TO OMARR
BAKER'S OBJECTIONS TO BREMER
TRUST'S ACCOUNTING THROUGH
JANUARY 31, 2017 AND BREMER
TRUST'S RESPONSE TO OMARR
BAKER AND TYKA NELSON'S
OBJECTIONS TO STINSON LEONARD
STREET, LLP'S FEE STATEMENTS
THROUGH JANUARY 31, 2017 UNDER
SEAL**

The above-entitled matter came before the undersigned on March 21, 2017, without a hearing.  On March 17, 2017, Bremer Trust National Association filed with the Court Bremer Trust's Response to Omarr Baker's Objections to Bremer Trust's Accounting through January 31, 2017 and Bremer Trust's Response to Omarr Baker and Tyka Nelson's Objections to Stinson Leonard Street, LLP's Fee Statements Through January 31, 2017.  Bremer Trust filed public redacted versions of these documents and unredacted versions under seal.  Because the redacted content reflects contain confidential business information, public filings of that content could impede the effective administrative of the Estate.

Therefore, the Court makes the following:

**ORDER**

1.　　　Based upon the confidential nature of the redacted contents of the above-named documents, they may be filed and kept under seal under further order of this Court.

Dated: _March 21_, 2017

BY THE COURT:

Kevin W. Eide
Judge of District Court

PROOF OF SERVICE

I, Lily Cassandra Alphonsis, hereby declare I am enclosing a a copy of my complaint and its Exhibit in an envelope addressed shown below, and placing the envelope in the Century Regional Detention Facility inmate mailing box for collection and mailing to the address below:

United States Attorney
300 North Los Angeles Street
   Suite 7516
   Los Angeles, CA 90012

On the day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on: May 7, 2017

Lily Cassandra Alphonsis





STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

NORTH SPRING STREET

ANGELES, CA 90012

RECEIVED COURT

DFM